IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,    :
:
:
v.    :
:    CIVIL ACTION NO.
:    1:15-CR-0458-LMM
MARK MORROW    :
:
    Defendant.    :
:

## <u>ORDER</u>

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [54], recommending that this Court deny Defendant's Motion to Suppress [37]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R [57]. The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference.[1] After due consideration, the Court enters the following Order:

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's Report and Recommendation for clear error if no objections are filed to the report. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine

---

[1] As there were no objections, the facts as set forth in the R&R are hereby adopted.

*de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; FED. R. CRIM. P. 59(b)(3). As Defendants filed objections to the R&R with respect to its findings regarding and analysis of Defendants' Motion, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis, including the Magistrate Judge's findings of fact. 28 U.S.C. § 636(b)(1).

## II.   DISCUSSION

In the R&R, the Magistrate Judge recommends that the Court deny Defendant's Motion to Suppress two individual conversations Defendant had with investigators: one on August 2, 2014, and a second conversation on November 10, 2015. Defendant argues in his Motion to Suppress that the conversations are inadmissible as settlement and plea negotiations under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410(a)(4).

Rule 11(f) dictates, "The admissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." FED. R. CRIM. PRO. 11(f). Rule 410(a)(4) dictates, "[E]vidence of the following is not admissible against the defendant who made the plea or participated in the plea discussion: a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." FED. R. EVID. 410(a)(4). The Magistrate Judge found that the two discussions at issue were not plea discussions and that Rule 410 does not apply.

In coming to that conclusion, the Magistrate Judge relied primarily on United States v. Robertson, 582 F.2d 1356, 1366 n.21 (5th Cir. 1978).[2] In that case, the Fifth Circuit held that, in determining whether a discussion is a plea discussion for suppression purposes, courts must determine: (1) whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussions; and (2) whether the accused's expectation was reasonable given the totality of the objective circumstances. Id. at 1366.

Here, the Magistrate Judge considered multiple pieces of evidence in concluding that Defendant did not have a subjective expectation to negotiate a plea or a reasonable expectation to negotiate a plea. First, the Magistrate Judge considered a target letter sent to Defendant which prompted the first discussion. This target letter told Defendant that he was the target of a federal criminal investigation and that he should meet with the Government "to discuss a possible resolution of [his] case." Dkt. No. [54] at 2.

According to the Magistrate Judge, while this certainly demonstrated that the Government might have a subjective intention to negotiate a plea agreement, it did not demonstrate that Defendant had such an intention. Additionally, while Defendant characterizes the target letter as a "bait-and-switch," the Magistrate Judge found that the letter actually invited Defendant to discuss a deal in

---

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

exchange for a guilty plea, but that Defendant simply chose not to admit guilt or engage in plea negotiations and, in fact, continuously denied culpability.

Next, and related to the last argument, the Magistrate Judge considered the actual discussions themselves. According to the record, the parties, and in particular Defendant, never discussed a plea agreement or any type of negotiation in either discussion. According to the Magistrate Judge, there was no discussion about potential charges, cooperation, or reduction of sentence for cooperation. Instead, the Magistrate Judge found that Defendant generally used the conversations to deflect blame on to a third party rather than to take responsibility for the alleged crimes.

While the Magistrate Judge acknowledged Defendant's argument that there is no particular verbiage necessary for Rule 410 protection, the Eleventh Circuit still requires that there be at least an indication of mutual bargaining for a guilty plea before the exclusion applies. See Robertson, 582 F.2d at 1366; U.S. v. Merrill, 685 F.3d 1002, 1013 (11th Cir. 2012). As a result, the Magistrate Judge found that Defendant lacked both a subjective intention to negotiate a plea and an objectively reasonable intention to negotiate a plea.

Defendant objects to the Magistrate Judge's recommendation, arguing that the Magistrate Judge erred in two general ways. First, Defendant argues that the Magistrate Judge did not give sufficient weight to the target letter. Second, Defendant argues that the Magistrate erred in finding that his failure to explicitly discuss a plea deal precludes Rule 410.

4

### a. Target Letter

Defendant contends that the Magistrate erred by failing to find that the target letter gave Defendant both a subjective intent to negotiate and an objectively reasonable expectation that the discussions would concern plea negotiations. According to Defendant, the letter set the "ground rules" for the meetings and provided a written explanation of Defendant's expectations for the meeting. Additionally, Defendant contends that at the beginning of the first meeting, the investigator actually showed Defendant a copy of the target letter, confirmed that Defendant received the letter, and confirmed that Defendant did not want counsel present during the conversation. Once that information was confirmed, Defendant contends that the investigator began asking him questions about the case.

Defendant contends that the explicit language of the target letter coupled with the fact that he travelled from Ohio to Atlanta at his own expense demonstrates he had a subjective intent to negotiate. According to Defendant, he did not simply walk into the United States Attorney's office to "spill the beans" unprovoked.

However, the Court agrees with both the Magistrate Judge's conclusion and his weighing of the evidence. The target letter and Defendant's willingness to fly into Atlanta do not, on their own, demonstrate his subjective intent or expectation to negotiate. While the target letter certainly says that he should

5

come in to discuss settlement negotiations, the Court must look at the totality of the circumstance. Robertson, 582 F.2d at 1366.

Therefore, the Court must also give weight to the fact that, while actually at the negotiating table, Defendant failed to negotiate. Additionally, the Court must give weight to the fact that Defendant denied all culpability, making the discussions less of a negotiation and more of an interrogation. See U.S. v. Deal, 438 F. App'x 807, 811 (11th Cir. 2011) ("Deal's statements of contrition, coupled with the denial of guilty, were plainly not made 'with a view toward negotiating a plea agreement.'") (quoting Robertson, 582 F.2d a 1368); U.S. v. Geders, 585 F.2d 1303, 1305 (5th Cir. 1978) ("Where the record, as here, does not disclose a clear expression on the part of the accused to pursue plea negotiations, any after-the-fact expressions of intent must be carefully evaluated."). As such, the Court finds that the Magistrate Judge did not err in determining that the target letter, even coupled with him flying into Atlanta, failed to demonstrate Defendant's subjective or reasonable intent to negotiate.

### b. Failure to Negotiate

Next, and related to the discussion above, Defendant contends that the Magistrate Judge erred by finding that Defendant did not express a willingness to negotiate a plea during the interviews. However, while Defendant characterizes the error in this way, he never actually argues that Defendant expressed a willingness to negotiate. Instead, Defendant focuses on the fact that the

6

Government tricked Defendant into coming to the meeting, and then never mentioned a plea agreement.

However, the Court is not persuaded by this argument. Defendant was told that his attendance at the meeting was voluntary and that if he wanted to, he could have brought counsel. Defendant ignored those warning and stayed at the meeting; even coming back for the second interview. Again, the Court must look at the totality of the circumstances to determine if Defendant, not the Government, had a subjective and reasonable intent to negotiate. If Defendant attended the meeting to discuss a plea agreement, as Defendant argues, the fact that *he* did not broach the subject demonstrates his lack of subjective intent.

Defendant also argues that in none of the cases the Magistrate Judge relied on did a defendant receive a target letter characterizing the conversation as a chance to negotiate a plea. While this is true, the target letter actually works against Defendant in this situation because it put Defendant on notice that he *could* discuss a plea agreement but instead, the facts show that he adamantly denied guilt and did not engage in such a discussion. The Court finds that this actually demonstrates that Defendant lacked a subjective intent to negotiate.[3]

For those reasons, the Court **AFFIRMS** the Magistrate Judge's findings. Dkt. No. [54]. Defendant's Motion to Suppress is **DENIED**. Dkt. No. [37].

---

[3] Defendant also argues that, in the cases the Magistrate Judge relied on, the prosecutors were not part of the discussion. However, Defendant does not explain why that would change the Court's analysis.

## III.   CONCLUSION

In accordance with the foregoing, the Court **AFFIRMS** the Magistrate Judge's R&R [54] and **DENIES** Defendant's Motion to Suppress [37].

**IT IS SO ORDERED** this 12th day of December, 2016

**Leigh Martin May**
**United States District Judge**

8