## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARK MORROW,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 75250-061,** | : | **28 U.S.C. § 2255** |
| **Movant,** | : | |
| | : | **CRIMINAL ACTION NO.** |
| **v.** | : | **1:15-CR-458-LMM-AJB-2** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:18-CV-4897-LMM-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Movant, Mark Morrow, filed a pro se motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence by a person in federal custody.  [Doc. 101.][1]

The Government filed a response in opposition.  [Doc. 107.]  Movant filed a reply,

[Doc. 108], and a motion for evidentiary hearing, [Doc. 109].  For the reasons

discussed below, the undersigned (1) **ORDERS** that Movant's motion for

evidentiary hearing, [Doc. 109], is **DENIED**, and (2) **RECOMMENDS** that his

§ 2255 motion, [Doc. 101], be **DENIED**.

---

[1]    Citations to the record in this Order and Final Report and
Recommendation refer to case number 1:15-cr-458-LMM-AJB-2.

## I.      28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255(a).  "[C]ollateral review is not a substitute for a direct appeal . . . ."  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence."  *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]).  The Court must conduct an evidentiary hearing

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous."  *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.  Accordingly, the undersigned **ORDERS** that Movant's motion for evidentiary hearing, [Doc. 109], is **DENIED**.

## II.   Discussion

On April 27, 2017, Movant pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  [*See* Docs. 1, 67.]  The District Court determined that Movant's United States Sentencing Guidelines range was 121 to 151 months of imprisonment.  [Doc. 100 at 48.]  However, the District Court sentenced Movant to sixty-six months of imprisonment, followed by three years of supervised release, and filed the Amended Judgment and Commitment on November 8, 2017.  [Doc. 91.]  Movant did not appeal.  [Doc. 101 at 1.]

3

Movant timely executed his § 2255 motion on October 17, 2018. [*Id.* at 28.]

Movant claims that his trial counsel, Brian Mendelsohn of the Federal Defender

Program, Inc., provided ineffective assistance by failing to

(1) "seek [a] remedy" for an alleged "conflict of interest" that arose when Byung J. Pak, the attorney for Movant's co-defendant, was nominated to become United States Attorney for the Northern District of Georgia (ground one),

(2) enforce two alleged provisions of the plea agreement (ground two),

(3) protect Movant's due process right to present his version of the events to the probation officer who prepared the presentence investigation report (ground three),

(4) challenge Movant's sentencing enhancement for his role in the offense (ground four),

(5) challenge Movant's sentencing enhancement for his use of sophisticated means (ground five),

(6) "subpoena documents that would have supported [Movant's] real reason for not reporting [his co-defendant's] egregious behavior" (ground six),

(7) recommend that Movant appeal (ground seven), and

(8) request a "downward departure for judicial economy" (ground eight).

4

[*Id.* at 4-25.][3]

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

---

[3]    Movant's plea agreement contains a valid appeal waiver barring all of his § 2255 claims, but the Government apparently does not seek to enforce it. [*See* Doc. 107 at 4 n.2, 10-13.] *See Williams v. United States*, 780 Fed. Appx. 701, 703 (11th Cir. June 25, 2019) (per curiam) (explaining that "a district court may not *sua sponte* invoke a collateral attack waiver in a plea agreement" because Government chooses whether to enforce waiver) (citing *Burgess v. United States*, 874 F.3d 1292, 1301 (11th Cir. 2017)).

probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

In ground one, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to "seek [a] remedy" for an alleged "conflict of interest" that arose when Attorney Pak, who represented Movant's co-defendant, was nominated to become United States Attorney in this District. [Doc. 101 at 4-5.] Movant states that his desired remedy "may have included recusals or change of venue." [*Id.* at 5.] Movant complains that Attorney Pak "was given privileged information from [Movant's co-defendant] that could have been used against [Movant]." [*Id.*] Movant asserts that his co-defendant was "[three] times more guilty," but was "treated far more leniently than [Movant]" because of Attorney Pak's nomination. [*Id.* at 4-5.] However, Movant merely speculates that he was harmed by Attorney Pak's representation of Movant's co-defendant. Therefore, Movant fails to show a reasonable probability that the outcome of his criminal case would have been different but for Attorney Mendelsohn's decision not to raise the alleged "conflict of interest." *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are

insufficient.") (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). [Doc. 107 at 13-14.]

In ground two, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to enforce two alleged provisions of the plea agreement. [Doc. 101 at 6-7.] Specifically, Movant states that the Government agreed to (1) "release [the] *lis pendens* on [Movant's] family home and [allow him] to keep 100% of [the] proceeds from [the] sale of [the] home," and (2) omit "equity holders" from the restitution amount. [*Id.* at 6.] As the Government explains, it complied with the first provision, but it did not agree to the second during plea negotiations. [Doc. 107 at 14-15.] Because Attorney Mendelsohn did not need to enforce the plea agreement, he did not perform deficiently.

In ground three, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to protect Movant's due process right to present his version of the events to the probation officer who prepared the presentence investigation report. [Doc. 101 at 9-11.] Movant complains that (1) he was given only twenty minutes to speak with the probation officer, (2) the report was "dominated by the Government," and (3) he was "made to look far more guilty than he actually is." [*Id.* at 9-10.] However, Movant fails to show a reasonable probability that he would have received a lower sentence if Attorney Mendelsohn

7

had performed differently regarding the presentence investigation report. [Doc. 107 at 15-17.]

In ground four, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to challenge Movant's sentencing enhancement for his role in the offense. [Doc. 101 at 12-15.] However, Movant's claim is factually incorrect. [Doc. 107 at 17-18.] Attorney Mendelsohn challenged the sentencing enhancement in his sentencing memorandum and again at the sentencing hearing. [Doc. 84 at 12-13; Doc. 100 at 37-43.] Therefore, Attorney Mendelsohn's performance was not deficient.

In ground five, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to challenge Movant's sentencing enhancement for his use of sophisticated means. [Doc. 101 at 17-18.] As the Government points out, Movant's offense of conspiracy to commit wire fraud used sophisticated means because it involved a "complex . . . fraud scheme" and "dozens of wire transfers and multiple shell accounts." [Doc. 107 at 18.] Therefore, even though Attorney Mendelsohn did not challenge the sentencing enhancement for use of sophisticated means, Movant fails to (1) overcome the presumption that his counsel pursued sound trial strategy, and (2) show a reasonable probability of a different result. [*Id.* at 18-19.]

In ground six, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to "subpoena documents that would have supported [Movant's] real reason for not reporting [his co-defendant's] egregious behavior." [Doc. 101 at 19.]  Movant states that the documents are (1) a "law firm's assessment of [a] civil case [in which Movant's] company was plaintiff, which showed [a] potential civil [award]," and (2) "bank records that would show [Movant] lent his company $260,000 and began paying himself back by using his company's credit card in 2002." [Doc. 108 at 5.]  Movant asserts that he "could have used the documents to defeat [the] prosecutor's argument that [Movant] was involved in illegal activity to enrich himself." [*Id.*]  However, Movant fails to (1) overcome the presumption that Attorney Mendelsohn pursued sound trial strategy in declining to subpoena the documents, and (2) show a reasonable probability of a different result. [Doc. 107 at 20-21.]

In ground seven, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to recommend that Movant appeal. [Doc. 101 at 21-22.]  Attorney Mendelsohn advised Movant that an appeal would be futile because he waived his right to appeal and received a sentence significantly below his guidelines range. [Doc. 107 at 9-10.]  Attorney Mendelsohn's advice "falls

9

within the wide range of reasonable professional assistance"; *Strickland*, 466 U.S. at 689; and, therefore, does not constitute deficient performance.

In ground eight, Movant claims that Attorney Mendelsohn provided ineffective assistance by failing to request a "downward departure for judicial economy." [Doc. 101 at 23-25.] Movant asserts that "if [his co-defendant] was deserving of this departure, [Movant] was also entitled." [*Id.* at 23.] The Government explains that it alone had the authority to determine that Movant was not entitled to a variance for judicial economy because he had filed a motion to suppress. [Doc. 107 at 19-20.] Movant could have qualified for the variance if he had foregone that motion. [*Id.*] Therefore, Attorney Mendelsohn did not perform deficiently.

Accordingly, Movant should be denied § 2255 relief as to grounds one through eight.

## III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of

10

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule

11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV.    **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's motion for evidentiary hearing, [Doc. 109], is **DENIED**.

**IT IS RECOMMENDED** that the § 2255 motion, [Doc. 101], be **DENIED**, a COA be **DENIED**, and civil action number 1:18-cv-4897-LMM-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, AND DIRECTED**, this 17th day of March, 2020.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

12