IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK MORROW, | : | |
|     Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-458-LMM-2 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:18-CV-4897-LMM |
|     Respondent. | : | |

# ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 111], recommending that the pending 28 U.S.C. § 2255 motion to vacate, [Doc. 101], be denied. Movant has filed his objections in response to the R&R. [Doc. 117].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

On April 27, 2017, Movant entered a negotiated plea of guilty in this Court to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in connection with his participation of an investment fraud scheme. [Docs. 67]. This Court calculated Movant's United States Sentencing Guidelines range to be 121 to 151 months of imprisonment but imposed a below-guidelines sentence of sixty-six months of imprisonment to be followed by three years of supervised release. [Doc. 91]. Movant did not appeal. In his § 2255 motion, he raises eight grounds of ineffective assistance of counsel. The Magistrate Judge concludes that Movant is not entitled to relief because his grounds for relief are either speculative, factually inaccurate, fail to establish that his attorney was deficient, or fail to establish that Movant was prejudiced.

Movant's first objection concerns the fact that his co-defendant, Angelo Alleca, was represented by Byung J. Pak. On October 10, 2017, Mr. Pak was appointed the United States Attorney for this District, and in his first claim for relief, Movant contends that, because of a conflict of interest, he received a harsher sentence because Mr. Pak somehow caused Movant to shoulder more of the blame in the fraudulent investment scheme than he otherwise should have. The Magistrate Judge concluded that the claim is speculative because Movant has not actually shown how Mr. Pak's involvement caused his sentence to be longer. Movant contends that the Magistrate

Judge erred because Mr. Alleca made a series of false statements that made it appear that Movant was more culpable, and after Mr. Pak became United States Attorney, "these false statements are accepted as gospel." Movant contends that Mr. Pak somehow improperly bolstered and vouched for Mr. Alleca's lies, and that Movant's trial counsel let this happen because he wanted to gain favor with the new United States Attorney. In support of his argument that he was treated unfairly, Movant points to the fact that while Mr. Alleca defrauded 300 investors out of more that $24 million, he received a sentence of 99 months. In contrast, Movant defrauded a mere 99 investors out of just over $7 million and received a 66-month sentence. Movant argues that he was only one-third as culpable as Mr. Alleca but received a sentence that was two-thirds as long as Mr. Alleca's.

The main problem with Movant's argument was that Mr. Alleca's sentencing hearing was held on August 17, 2017, almost two months before Mr. Pak's appointment. Accordingly, by the time that he became United States Attorney, Mr. Pak had no incentive to make Movant appear to be more culpable. Mr. Alleca's sentence and restitution amount were already set and could not change regardless of Movant's sentence and restitution. Moreover, Movant has entirely failed to detail any of the purportedly false statements that he now claims that Mr. Alleca made or show

AO 72A
(Rev.8/82)

how Mr. Pak improperly bolstered those statements.  Accordingly, this Court agrees with the Magistrate Judge that Movant's claim is speculative.

Movant's second objection is plainly inaccurate.  In Claim 2 of his § 2255 motion, Movant argued that his trial counsel was ineffective for failing to enforce two provisions of the plea agreement.  The Magistrate Judge concluded that Movant is not entitled to relief because the Government complied with the first provision and never agreed with the second provision.  In his objections, Movant now claims that, "liberally construed Movant is claiming his appointed counsel . . . was ineffective in the context of the entire plea agreement process."  However, it is clear that, in his § 2255 motion, Movant raised claims only related to two provisions, and Movant "may not raise new claims in objections to an R&R."  Ludy v. Emmons, No. CV 316-065, 2017 WL 1682544 at *1 (S.D. Ga. May 1, 2017); see also Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that district court has discretion to decline to consider an argument that is not first presented to magistrate judge).

With respect to Movant's claim that the Government reneged on its deal to remove a lis pendens on his house because an unidentified conservator/receiver placed a lis pendens on the house after the Government removed its lis pendens, Movant makes the conclusory claim that the conservator is a government agent, which is not necessarily the case.  A conservator generally steps into the shoes of the private entity,

(Rev.8/82)

O'Melveny & Myers v. F.D.I.C., 512 U.S. 79, 86 (1994); Mwangi v. Fed. Natl. Mortg. Assn., Case No. 4:14-CV-0079-HLM, 2015 WL 12434327 at *4 (N.D. Ga. Mar. 9, 2015), and is not considered a government actor unless certain conditions are met. Lebron v. National Railroad Passenger Corp., 513 U.S. 374, 400 (1995). Plaintiff has not demonstrated that the conservator who placed the lis pendens on his home was a government actor, and his claim that the Government breached the provision thus fails. This Court also notes that, while Movant contends that the conservator filed a lis pendens, he does not state how that issue was resolved—e.g., that he had to pay off the Government when he sold his home. He states only that he had to "negotiate with receiver two days before closing." [Doc. 101 at 7]. Accordingly, Movant has failed to establish prejudice under Strickland v. Washington, 466 U.S. 668, 687 (1984).

Movant also contends the Government breached an agreement not to include losses to investors in the DMP investment in the restitution calculation. Movant points to a statement made by the Government's counsel during the sentencing hearing as proving that the Government had agreed to the provision. [Doc. 100 at 6]. At the hearing, counsel stated that the Government "initially said we were not going to include" investor losses from the DMP investments in the restitution calculation "because [Movant] . . . made some argument as to why he believed that shouldn't be included." [Id.]. The Government later concluded, however, that it would be able to

5

meet its burden to demonstrate that the DMP investments should be included in the restitution calculation. [Id.]. This Court concludes, however, that this offhand comment during the sentencing hearing does not establish that the Government had reached an enforceable agreement. The plea agreement states:

> Both the Government and Defendant agree that any restitution award will be reduced or offset by restitution paid by Defendant or received by victims in the related civil proceeding - Securities and Exchange Commission v. Detroit Memorial Partners, LLC and Mark Morrow, 1:13-cv-01817-WSD.

[Doc. 67-1 at 7]. This provision directly contradicts Movant's claim. The plea agreement further states: "There are no other agreements, promises, representations, or understandings between the Defendant and the Government." [Id. at 14]. As such, it is clear that the Magistrate Judge is correct that the Government never agreed to exclude DMP investments from the restitution calculation.

In his Claim 7, Movant contends that his trial counsel was ineffective for failing to advise Movant to file an appeal. The Magistrate Judge concluded that trial counsel's advice that an appeal would be futile because of the appeal waiver and his below-guidelines sentence was reasonable. In his objections, Movant contends that trial counsel did not properly consult with him regarding his appeal rights. He admits, however that the Court informed him that he could appeal his sentence if is plea was involuntary or if there was some other defect in the proceedings. Counsel's advice that

6

an appeal would be futile was, indeed, reasonable, and Movant has failed to either allege that he told his counsel to file an appeal or demonstrate that counsel's advice was inaccurate. All of Movant's claims concern his sentencing, which are clearly covered by the appeal waiver in the plea agreement.

As to the remainder of Movant's claims, this Court agrees with the Government that they are all barred by the appeal waiver contained in Movant's plea agreement. That waiver states:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 67-1 at 12].

The Government seeks to enforce this waiver as to all of Movant's claims that counsel was ineffective with respect to sentencing. A valid waiver waives the right to challenge a sentence via a claim that counsel was ineffective on sentencing matters. See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based

7

on ineffective assistance at sentencing"). Accordingly, this Court concludes that the appeal waiver bars this Court's consideration of Movant's claims 3-6 and 8. This Court further agrees with the manner in which the Magistrate Judge credits the Government's arguments that Movant has failed to demonstrate that he is entitled to relief with respect to his Claims 3-6 and 8.

Accordingly, for the reasons stated the R&R, [Doc. 111], as supplemented herein, is hereby **ADOPTED** as the order of this Court, and the 28 U.S.C. § 2255 motion to vacate, [Doc. 101], is **DENIED**. The Clerk is **DIRECTED** to close civil action number 1:18-CV-4897-LMM.

This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 7th day of July, 2020.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)